IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GARY HICKS, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   CASE NO: 2:06-CV-1017-WKW |
| | * |
| CITY OF MONTGOMERY and | * |
| CHIEF ARTHUR BAYLOR, | * |
| | * |
| Defendants. | * |

### MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS, CITY OF MONTGOMERY AND A. D. BAYLOR

Defendants, City of Montgomery and A.D. Baylor, pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, by and through the undersigned attorney, move the Court for summary judgment as the facts and law of this case show that there is no genuine issue as to any material fact and that as moving party it is entitled to judgment as a matter of law. In support of the Motion for Summary Judgment, Defendants rely on the Pleadings and Plaintiff's Answers and Responses to Discovery and Defendants' Memorandum of Law in Support of Summary Judgment with the following evidentiary submissions attached thereto:

   *DX 1, Affidavit of A.D. Baylor*

   *DX 2, Affidavit of K.J. Murphy*

   *DX 3, Affidavit of W.D. Davis*

   *DX 4, Affidavit of Mayor Bobby Bright*

   *DX 5, Affidavit of Barbara M. Montoya*

*DX 6, Plaintiff's Response to Defendants' Request for Admission*

To be successful on his claim of First Amendment based retaliation, Hicks must prove that his speech was done in his capacity as a citizen rather than in the context of his employment. *Garcetti, et al. v. Ceballos*, 126 S.Ct. 1951, 2006 WL 1458026 (May 30, 2006). There is nothing to support such a claim. It is undisputed that the speech for which Hicks claims protection was only in the course of his employment regarding his unhappiness with the supervision and management style of his immediate supervisor, Major Kevin Murphy. Hicks' expressions were made pursuant to his official duties.

Additionally, Hicks cannot prevail on his claim of retaliation by Baylor because Defendants did not engage in any retaliatory action. Hicks was transferred, on loan or otherwise accommodated at his request to either Chief Baylor or the Mayor to be reassigned. Defendants submit that there is no genuine issue as to any material fact in this case and therefore, Defendants are entitled to judgment as a matter of law on the claim of First Amendment based retaliation.

Additionally, Baylor is entitled to qualified immunity for any claims against him in his individual capacity. Qualified immunity is an affirmative defense to an action pursuant to § 1983 against a government official sued in his or her individual capacity. *See Wilson v. Strong,* 156 F.3d 1131, 1135 (11th Cir.1998).

Finally, for civil rights liability pursuant to 42 U.S.C. § 1983 to attach to a municipality, it must be shown that the municipal official or employee caused the deprivation of one's constitutional rights by acting pursuant to official governmental policy.  Hicks cannot prevail on his claim of First Amendment based retaliation because he cannot support a claim that anyone acted with an unconstitutional motive or pursuant to an unconstitutional policy. Merely using the words "policy" or "custom" or "unconstitutional" in the allegation is not sufficient to state a claim under 42 U.S.C. § 1983.  *See Monnell v. Dept. of Social Services*, 436 U.S. 658 (1978).

Hicks has submitted only conclusory allegations in an effort to try to make the City liable.  Conclusory allegations cannot interpose genuine issues of material fact into the litigation so as to preclude entry of summary judgment. *Fed.Rules Civ.Proc*.Rule 56(c).

Defendants submit that Plaintiff has failed to present substantial evidence from which fair-minded persons could reasonably infer the existence of facts necessary to prove any of Plaintiff's claims.  Summary Judgment in favor of Defendants City of Montgomery and A.D. Baylor is proper and all claims against them should be dismissed.

Respectfully submitted this 26th day of November, 2007.

       /s/ Kimberly O. Fehl
       Kimberly O. Fehl (FEH001)

OF COUNSEL:

City of Montgomery
City Attorney's Office
P. O. Box 1111
Montgomery, AL 36101-1111
Telephone: (334) 241-2050
Facsimile: (334) 241-2310

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of November, 2007, I electronically filed the foregoing with the Court of the Clerk using the CM/ECF system to be upon the following:

J. Bernard Brannan, Jr.
*The Brannan Law Firm, P. C.*
602 South Hull Street
Montgomery, AL 36104

/s/ Kimberly O. Fehl
OF COUNSEL