IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

GARY HICKS

    Plaintiff,

VS.                                           CIVIL ACTION NO.: 2:06-CV-1017-WKW

THE CITY OF MONTGOMERY         PLAINTIFF DEMANDS TRIAL BY JURY

and

CHIEF ARTHUR BAYLOR

    Defendants.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff Gary Hicks and in response to the Defendant's Motion for Summary Judgment would set forth the following:

1. The Plaintiff's claim of First Amendment based retaliation concerns actions taken by the Chief of Police, who was the final policy maker for the City of Montgomery on police-related issues, because the Plaintiff had complained about his immediate supervisor, Major Kevin Murphy, as to Murphy's treatment of all men within the patrol division. The Plaintiff complained that Murphy's treatment of all men he supervised effected the morale of the men and diminished their ability to do their jobs and serve the public. The Plaintiff had no duty, as a part of the requirements of his job, to complain about the actions of a superior officer.

2. The Plaintiff was retaliated against by being placed in a position without any job

      duties, when there were numerous captain assignments throughout the department that were not filled. The Plaintiff was assigned by the Chief of Police to an area within the jail where he had no duties nor any equipment to perform any function useful to the department. The Chief referred to him as being "confined to the jail."

3. Chief Baylor is not entitled to qualified immunity for the claims against him in his individual capacity, as he has testified in deposition that he did not retaliate, but that he knew that retaliation by him against the Plaintiff, based on the facts and circumstances of this case, was wrong and would violate his constitutional rights, so that if the actions taken against the Plaintiff constituted retaliation, the defense of qualified immunity, based on the Chief of Police's testimony, would not be available to him.

4. The City of Montgomery is liable to the Plaintiff because the retaliation against the Plaintiff Hicks was taken by the Chief of Police, who is the final policy-maker for the City of Montgomery on matters concerning the police department, as the Chief of Police testified to such in his deposition.

5. In further support of this Response to Defendant's Motion for Summary Judgment, the Plaintiff would submit the Affidavit of the Plaintiff, Gary Hicks, and selected deposition testimony of Chief Arthur Baylor, Montgomery Police Department, and Major Celia Dixon, Montgomery Police Department, accompanied by the Plaintiff's Brief in Opposition, to Defendant's Motion for Summary Judgment.

Respectfully submitted this the 19th day of December, 2007.

_____
J. BERNARD BRANNAN, JR. (BRA022)
Attorney for Plaintiff

OF COUNSEL:
THE BRANNAN LAW FIRM, P.C.
602 South Hull Street
Montgomery, Alabama 36104
Telephone:   334/264-8118
Facsimile:   334/263-7598
Email:       jbb@brannanlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing on the parties listed below by placing same in the U.S. mail, postage prepaid, on this 19th day of December, 2007.

Kimberly O. Fehl, Esq.
City of Montgomery
Legal Department
Post Office Box 1111
Montgomery, Alabama 36101-1111

_____
OF COUNSEL

3